■ PASQUALINA CIRCOSTA et al., as Administratrices of the Estate of JOSEPH CIRCOSTA, Deceased, Respondents, v. 29 WASHINGTON SQUARE CORPORATION, Appellant. CONCETTA MARINARO, as Administratrix of the Estate of CIRO MARINARO, Deceased, Respondent, v. 29 WASHINGTON SQUARE CORPORATION, Defendant and Third-Party Plaintiff-Appellant. A. J. CONTRACTING CORPORATION, Third-Party Defendant-Respondent.— Consolidated action against an

owner of a bulding to recover damages for the wrongful deaths of respondents' intestates and for the conscious pain and suffering of the intestate of respondent Marinaro. The intestates were employed by A. J. Contracting Corporation, which had contracted with the owner to make alterations in the building. The intestates received the injuries, which resulted in their deaths, when a suspended ceiling collapsed and fell. The owner served a third-party complaint against the contractor, alleging active negligence. The jury rendered a verdict in favor of respondents against the owner. The parties having stipulated to leave the disposition of the third-party action to the court, the court dismissed the third-party complaint. The appeal is from the judgment entered thereon. Judgment affirmed, with costs. No opinion. Beldock, Acting P. J., Murphy and Hallinan, JJ., concur; Ughetta, J., concurs insofar as the dismissal of the third-party complaint is affirmed, but dissents insofar as those parts of the judgment in favor of respondents against appellant are affirmed, and votes to reverse those parts and to dismiss the complaint, with the following memorandum: I fail to find any evidence on which reasonable men could predicate a finding that appellant negligently failed to furnish a safe place to work. The ceiling had been in existence for about 24 years and not until the contractor's employees, engaged in remodeling a large elaborate apartment into smaller ones, had cut it almost entirely loose from the walls, did it fall. The case seems to me to present a situation where the dangerous condition was created by the work which respondents' intestates were engaged to perform. (See *Kowalsky* v. *Conreco Co.*, 264 N. Y. 125; *Mullin* v. *Genesee County Elec. Light, Power & Gas Co.*, 202 N. Y. 275.)